UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JHON ANDERSON MUJICA GUTIERREZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN NORTHWEST ICE PROCESSING CENTER,<br><br>Respondent. | CASE NO. 2:26-cv-04521-JHC<br><br>ORDER |

This matter comes before the Court on Jhon Anderson Mujica Gutierrez's Petition for Writ of Habeas Corpus. Dkt. 1. Petitioner argues that he is entitled to habeas relief because he was re-detained on October 30, 2026, without prior notice or opportunity to be heard, in violation of his due process rights under the Fifth Amendment of the U.S. Constitution. *See id.* at 6; *see also* Dkt. 1-1 at 1, 5–6. He also questions whether the Government has a lawful statutory basis to detain him, and requests that Respondent "identify and document the legal basis for [his] custody and supply any custody-review decisions." Dkt. 1 at 7; *see also id.* at 6–7; Dkt. 1-1 at 1, 5.

After the petition was filed, the Court issued a scheduling order directing Respondent to show cause why a writ of habeas corpus should not be granted. Dkt. 4. Soon thereafter, the Court also issued an order denying Petitioner's unopposed Emergency Motion for Expedited

Consideration and Limited Temporary Relief (Dkt. 2), concluding that the relief requested in the motion was mooted by the Scheduling Order but directing "Respondent to ensure that Petitioner's detention authority is clearly stated in the Return." *See* Dkt. 5 at 1. On November 20, 2026, Respondent filed an "Abbreviated Return." Dkt. 7. The Return does not provide any argument, discussion of the facts, or supplemental evidence. *See generally id.* It also does not identify any legal basis or statutory authority for Petitioner's detention. *See id.* Instead, it simply "submits that immigration officials re-detained Petitioner after previously having been released from immigration detention" and "requests that this Court decide whether a writ should be granted based on the Petition and related filings." *Id.* at 1.

Here, the petition raises a meritorious due process claim. *See generally* Dkts. 1 & 1-1. It also legitimately alleges that the Government has not provided, let alone established, a legal basis to support his current detention. *See id.* And the Government's failure to respond to such arguments or meaningfully oppose the petition "constitutes forfeiture of the arguments it *could* have made." *Contreras Garcia v. Facility Adm'r, Nw. Ice Processing Ctr.*, 2026 WL 3381534, at *1 (W.D. Wash. Nov. 7, 2026) (emphasis in original and citations omitted); *see also B.a.p.s. v. Quinones*, 2026 WL 3465671, at *1–2 (W.D. Wash. Nov. 13, 2026). The Court thus concludes that Petitioner has shown by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States" and is entitled to habeas relief. *See* 28 U.S.C. § 2241(c).

Accordingly, the Court GRANTS the petition (Dkt. 1) and ORDERS as follows:

(1) Respondent shall release Petitioner from custody within 24 hours on reasonable conditions.

(2) Respondent and their respective officers, agents, employees, attorneys, and other persons acting on their behalf are prohibited from re-detaining Petitioner unless and

until he is provided with adequate notice and a hearing before an immigration court to determine whether re-detention is appropriate.

(3) Respondent shall file a status report by November 25, 2026, confirming that Petitioner has been released.

(4) The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 23rd day of November, 2026.

John H. Chun

John H. Chun
United States District Judge